UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JUDITH PARMENTIER, Personal Representative of the Estate of Linda Johnson, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 1:12-CV-45 SNLJ |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM

This matter is before the Court on defendant's motion for summary judgment (#73).

### I.   Factual Background[1]

Plaintiff Judith Parmentier alleges that her sister, Linda Johnson, developed osteonecrosis of the jaw ("ONJ") as a result of infusions of Zometa and/or Aredia, which are drugs used in cancer treatment and which are manufactured by defendant Novartis Pharmaceuticals Corporation ("Novartis"). Plaintiff alleges claims for failure to warn and design defect. Defendant has moved for summary judgment on all plaintiff's claims.

### II.   Summary Judgment Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th

---

[1] More detailed facts and procedural background may be found in the Court's memorandum and order (#102) disposing of defendant's Motion to Exclude Causation Testimony of Plaintiff's Experts (#71), filed contemporaneously with this Memorandum.

Cir. 1977). Pursuant to Federal Rule Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207,210 (8th Cir. 19176).

**III.    Discussion**

The parties agree that Missouri law applies to the substance of plaintiff's claims.   In order to prevail on any of her claims, plaintiff must prove that Zometa and Aredia caused Ms. Johnson's injuries. *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 991 (1988) (applying Missouri law).  This requires plaintiff to prove both that the drugs can cause ONJ in general (general causation) and that the drugs did so in Ms. Johnson (specific causation).  Because this case

involves a "sophisticated" injury involving scientific techniques for diagnosis, expert testimony is required to prove causation. *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1210 (8th Cir. 2000); *Wright v. Barr*, 62 S.W.3d 509, 524 (Mo. Ct. App. 2001). "When the plaintiff relies on expert testimony to provide evidence as to causation when there are two or more possible causes, that testimony must be given to a reasonable degree of medical certainty." *Wright*, 62 S.W.3d at 524; *see also Turner*, 229 F.3d at 1209.

The MDL Court previously held that there were genuine issues of material fact as to whether Aredia and/or Zometa generally cause ONJ. Defendant's argument here is that plaintiff does not have the specific causation expert testimony that is necessary to prove her case. Because this Court has excluded any proposed specific causation testimony from plaintiff's retained expert, Dr. Ramin Shabtaie, and from plaintiff's non-retained treating physicians, plaintiff has not carried her burden of establishing specific causation: without expert testimony, she cannot offer proof that defendant's products caused Ms. Johnson's ONJ. Therefore, the Court must find that plaintiff has not shown specific causation, which is a necessary element to all her claims against defendant. *See also In re Aredia and Zometa Prods. Liability Lit.*, No. 3:6-md-1760, 2010 WL 4970957 (M.D. Tenn. Dec. 7, 2010) (granting summary judgment to defendant where Court had previously excluded plaintiff's expert testimony regarding specific causation).

The Court need not address defendant's other arguments.

## IV. Conclusion

The defendants' motion for summary judgment will be granted by separate order.

Dated this   19th   day of June, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE